374 So.2d 691 (1979)
John A. ROBINSON, III, et al., Plaintiffs and Appellees,
v.
E. C. DONNELL et al., Defendants and Appellants.
No. 12662.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
Rehearing Denied July 16, 1979.
Writ Refused September 28, 1979.
Kenneth J. Fogg, Denham Springs, for plaintiffs and appellees.
*692 Cyrus J. Greco, Baton Rouge, Calvin C. Feyard, Jr., and James E. Kuhn, Denham Springs, for defendants and appellants.
Before LANDRY, COVINGTON, and PONDER, JJ.
LANDRY, Judge.
This appeal by defendants E. C. Donnell, Jr., Earl Gatlin, and Titan Pipeline, Inc. (Appellants) is from judgment declaring only a portion of Tract A, Beau Village Subdivision, free of restrictive covenants, it being Appellants' contention that the entire area of Tract A was freed of restrictions because of a general abandonment of the recorded limitations on use. We reverse that portion of the trial court judgment which held a portion of the property to be still subject to the recorded restrictions.
There is virtually no dispute as to the salient facts. On September 30, 1965, defendant Donnell, as owner of a certain tract of land situated in Livingston Parish partly within the municipal limits of Denham Springs, recorded a document entitled "Restrictive Covenants Beau Village Subdivision." The property to which the covenants applied was described in detail, following which description Donnell, as sole owner, declared:
"... that he does hereby impose the following restrictions on all of said property, which restrictions shall be binding upon all purchasers, their heirs, successors and assigns, and any subsequent sale or transfer of said property shall be subject thereto, although not set forth therein; ... "
The first restriction states that all lots in the subdivision are designated as residential lots. Restriction nine recites that no structure of a temporary nature, or trailer, shall be used on any lot at any time as a residence either temporarily or permanently.
On January 17, 1966, Donnell caused to be recorded a plat of Beau Village Subdivision (Beau Village), dated November 4, 1965. The plat showed a subdivision, into 35 lots, of part of the property described in the previously recorded restrictive covenants. The map also showed the remaining and larger portion of the property as unsubdivided and designated said portion "Tract `A' (Unsubdivided)," hereinafter referred to as Tract A.
On December 6, 1967, Donnell granted a borrow pit lease on part of Tract A to T. L. James Company. Pursuant to said lease, T. L. James removed dirt from an 8-acre area within Tract A for use in construction of adjacent Interstate Highway 12 (I-12). The excavation resulted in the creation of an artificial 8-acre lake.
On March 31, 1969, Donnell sold all of subject property to Donnell Industrial Maintenance, Inc., which subsequently became Titan Properties, Inc. On January 30, 1974, Titan leased the lake to Cooper Marine Service, Inc. (Cooper) for a period of twelve months commencing February 1, 1974, for the purpose of demonstrating, testing, and storing motor boat equipment. The lease expressly provides that the property leased is to be used exclusively for the lessee's business in the testing and demonstration of boating equipment, that is, only by Cooper's employees and customers and not by the public at large. The lease further recites that Cooper shall construct a launch ramp, access to which shall be kept blocked by a fence and gate to be locked at all times when not in use. Upon expiration, the lease was extended indefinitely, each party having the right of cancellation upon thirty days notice. Since acquiring the lease, Cooper has continuously used, and is presently using, the lake and adjacent land area as a site for testing and demonstrating boats and boating equipment. It is also shown that for some years Cooper has maintained a large sign on Tract A, situated such that it is readily visible to motorists traveling upon I-12, which sign advertises the lake as Cooper's testing and demonstration site. In July, 1977, Cooper placed a mobile home trailer on Tract A near the lake, which trailer Cooper has apparently used as an office. It is conceded that access to the lake is through the streets fronting on the lots which have been developed for residential use in Beau Village.
*693 Plaintiffs filed this action August 5, 1977, alleging violation of recorded restriction number nine, which prohibits placing a trailer in Beau Village. Plaintiffs prayed for injunctive relief from said violation and also for an injunction prohibiting future violations of the restrictions. Defendants reconvened praying for judgment declaring Tract A free of all the recorded restrictions.
The trial court rendered judgment enjoining any future use of Tract A in violation of the restrictions and ordered the removal of the trailer in question, but held that Appellants are permitted to use the lake for the purpose of testing and demonstrating boats and also to use the small area on which Cooper's sign is located for advertising purposes.
Appellants contend the trial court erred in: (1) failing to hold that Tract A was never covered by the restrictions because it was shown as unsubdivided on the recorded map of Beau Village; (2) failing to hold that if Tract A was subject to the restrictions, it has since been freed therefrom because (a) it was no longer susceptible of development for residential purposes, and (b) the permitted nonconforming use for over two years prior to suit has effected an abandonment of the original plan for residential development thereof, thus freeing Tract A from all restrictions; (3) mandating removal of the trailer; (4) prohibiting use of Tract A for any purposes other than demonstrating and testing boats and maintaining a sign indicative of such use; and (5) refusing Appellants a new trial despite rendition of judgment before completion of the record as requested by the trial judge.
Tract A has never been subdivided. It has been fenced off from the area embracing the initial subdivision into 35 lots shown on the recorded plat of Beau Village. Pursuant to the restrictions, Tract A could not be subdivided into lots because it is shown on the plat as unsubdivided and the restrictions prohibit resubdivision of lots differently from the subdivision indicated on the recorded plat. Conversion of eight acres of Tract A into a lake has altered considerably the nature of the remaining portion of said parcel.
It is conceded that the remainder of Tract A located outside the lake and situated outside the limits of Denham Springs, cannot be subdivided in compliance with municipal regulations; that it is therefore ineligible under said regulations to receive municipal utility connections and service; and that the municipality is the most readily available source of utility services. It is stipulated that Donnell, as an expert contractor, would testify that it is not economically feasible to subdivide the remainder of Tract A into residential lots without an available connection to municipal utilities. It is also stipulated that Jim Carpenter, an expert real estate appraiser, would testify on behalf of plaintiffs that the remainder of Tract A is capable of development as residential lots.
The viability and applicability of building restrictions are governed by well established statutory and jurisprudential rules. Foremost among these is the precept that the law favors unrestricted use of real property. Harper v. Buckelew, 355 So.2d 68 (La.App. 1st Cir. 1978).
Doubt as to the existence, validity, or extent of building restrictions is resolved in favor of the unrestricted use of immovable property. LSA-C.C. Article 783.
An action for injunction or damages for violation of a building restriction must be brought within two years from commencement of a noticeable violation. When the violation has continued for two years without objection, the immovable on which the violation occurred is freed of the violated restriction. LSA-C.C. Article 781.
Building restrictions are terminated by abandonment of the restrictive plan as a whole, or by a general abandonment of a particular restriction. Abandonment of an entire plan of development frees the affected area of all restrictions. Abandonment of a particular restriction frees the area of the abandoned restriction only. Article 782.
Abandonment of a restriction occurs when violations transpire which constitute a *694 subversion of, or a significant change in, the original scheme of development envisioned by the subdivider and which result in a substantial change in the intended nature of the subdivision. East Parker Properties, Inc. v. Pelican Realty Company, 335 So.2d 466 (La.App. 1st Cir. 1976).
Because we find there has been a subversion of the developer's original intent to convert the entire area shown on the recorded plat of Beau Village, dated November 4, 1965 (apparently including Tract A), into a residential subdivision, we deem it unnecessary to pass upon the issue of whether Tract A was subject to the restrictions involved herein. We assume, solely for purposes of deciding the abandonment issue, that Tract A was subject to the restrictions.
It is significant that Tract A has remained unsubdivided since recordation of the original plat of Beau Village. Equally noteworthy is the fact that Cooper's lease restricts use of the lake to commercial purposes and precludes its use by the public at large. This of course precludes use of the lake by residents of Beau Village for recreational purposes.
We find that the evidence preponderates in favor of the conclusion that the area of Tract A outside the lake is not likely to be developed into residential sites because of the unavailability of municipal utilities. While there is some evidence that the remainder of Tract A could possibly be developed into residential sites with utilities supplied by other than municipal sources, it also appears that such a method of development would be considerably more costly and therefore less attractive to a developer.
We find that in this instance there has occurred a subversion of and a significant change in, the original plan of development of Beau Village resulting in a substantial change in the initially intended nature of the subdivision. More precisely, we find an abandonment of the intent to develop the area of Tract A as residential.
It is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby reversed and judgment rendered herein decreeing Tract A, Beau Village Subdivision, as shown on the plat of said subdivision dated November 4, 1965, by J. C. Kerstens & Associates, Consulting Engineers, recorded January 17, 1966, records of Livingston Parish, be and the same is hereby declared and adjudged free of all restrictive covenants affecting Beau Village Subdivision and recorded September 30, 1965, records of Livingston Parish; all costs of these proceedings to be paid by plaintiffs-appellees in equal portions.
REVERSED AND RENDERED.